UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

PANTHER PARTNERS INC., Individually
and on Behalf of All Others Similarly Situated,

                     Plaintiff,

    vs.

JIANPU TECHNOLOGY INC., DAQING
(DAVID) YE, YILU (OSCAR) CHEN,
JIAYAN LU, CAOFENG LIU, CHENCHAO
ZHUANG, JAMES QUN MI, KUI ZHOU,
YUANYUAN FAN, DENNY LEE, RONG360
INC., GOLDMAN SACHS (ASIA) L.L.C.,
GOLDMAN SACHS & CO. LLC, MORGAN
STANLEY & CO. INTERNATIONAL PLC,
J.P. MORGAN SECURITIES LLC, CHINA
RENAISSANCE SECURITIES (HONG
KONG) LIMITED, CHINA RENAISSANCE
SECURITIES (US) INC., LAW DEBENTURE
CORPORATE SERVICES INC., and
GISELLE MANON inclusive,

                    Defendants.

———————————————————————— x

Civil Action No. 1:18-cv-09848 (PGG)

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT
OF LEAD PLAINTIFF'S MOTION TO
STRIKE EXHIBITS SUBMITTED WITH
DEFENDANTS' MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT .........................................................................................................2

        A.      Standards for Considering the Disputed Exhibits ....................................2

        B.      The PPDAI Excerpts Should Be Stricken..................................................4

        C.      The Certified Translations Should Be Stricken .........................................6

III.    CONCLUSION.......................................................................................................9

Lead Plaintiff Panther Partners Inc. ("Plaintiff"), respectfully submits this memorandum of law in support of its motion for an Order striking: (i) the Disputed Exhibits (Exhibits D, F, H and J attached to the Declaration of Robert A. Fumerton, dated June 3, 2019 ("Fumerton Declaration")), filed in support of Defendants' motion to dismiss the Amended Complaint for Violations of the Securities Act of 1933 (the "AC," cited as "¶__");[1] and (ii) references to, and assertions and arguments based on, the Disputed Exhibits in Defendants' memorandum of law, dated June 3, 2019 (cited as "MTD at __"), submitted in support of the motion to dismiss because they are not incorporated by reference or relied upon in the AC or are not subject to judicial notice.[2]

## I.    INTRODUCTION

It is well-established that on a Rule 12(b)(6) motion to dismiss, a court must decide whether the allegations of a complaint, accepted as true, with inferences drawn in plaintiff's favor, set forth a legally cognizable claim. *See Roth v. Jennings*, 489 F.3d 499, 501, 510 (2d Cir. 2007).  The time for resolving factual disputes comes later, only after both parties have had an opportunity to conduct discovery and develop a sufficient factual record.  Here, Defendants rely on the Disputed Exhibits to contest the facts alleged in the AC in an attempt to rebut Plaintiff's allegations that the Registration Statement contained material omissions and inaccurate statements of material fact.  Aside from the fact that these exhibits fail to rebut the allegations in the AC, they are inappropriate for consideration at this stage of the litigation because they were not incorporated by

---

[1] "Defendants" refers to Jianpu Technology Inc. ("Jianpu" or the "Company") (¶15); its parent company Rong360 Inc. (¶22); Law Debenture Corporate Services Inc. and Giselle Manon, who signed or authorized the signing of the Registration Statement (¶¶20-21); and the IPO underwriters: Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. International plc, J.P. Morgan Securities LLC, China Renaissance Securities (Hong Kong) Limited, Goldman Sachs & Co. LLC and China Renaissance Securities (US) Inc.  ¶¶23-26.

[2] Plaintiff cites the exhibits attached to the Fumerton Declaration as "Ex. __."  Capitalized terms not defined herein have the meanings ascribed to them in the AC.

reference in the AC, nor are they integral to the AC.  Moreover, they are not appropriate for judicial notice by the Court because Defendants introduce them for the truth of their contents, not simply for the fact that they exist.  Finally, some of the Disputed Exhibits are translations of Chinese documents whose accuracy is in question, further making them inappropriate for judicial notice.  Accordingly, the Disputed Exhibits, and all references to and assertions and arguments based on them in the motion to dismiss briefing, should be stricken.  Alternatively, if the Court considers the extraneous materials offered by Defendants, Plaintiff respectfully requests that Defendants' motion to dismiss be converted to a motion for summary judgment and the parties be provided with a reasonable opportunity to conduct discovery.  *See* Fed. R. Civ. P. 12(d).

## II.   ARGUMENT

### A.   Standards for Considering the Disputed Exhibits

Courts have repeatedly recognized that federal district courts have "inherent authority to strike any filed paper" they find "improper."  *See Nat. Res. Def. Council v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012) (collecting cases).  As a general matter, "a district court must confine itself to the four corners of the complaint when deciding" a Rule 12(b)(6) motion.  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *see also In re Scholastic Sec. Litig.*, 1998 U.S. Dist. LEXIS 13910, at *1-*5 (S.D.N.Y. Aug. 31, 1998).  Only two narrow exceptions – incorporation by reference or judicial notice – permit a district court to consider external materials at this stage.  *See Roth*, 489 F.3d at 509.

Where appropriate, a court may consider "documents attached to the complaint as exhibits or incorporated in it by reference," and any document "'upon which [the complaint] *solely* relies and which is *integral to the complaint*.'"  *Id.* at 503, 509 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)) (emphasis and brackets added by *Roth* court).  The

court may also take judicial notice of certain limited documents, such as a public record, if the facts therein are "not subject to reasonable dispute." Fed. R. Evid. 201(b). "Such facts must either be '(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).

However, if the court considers documents that are outside of the four corners of a complaint, the court may consider them "'only to determine *what* the documents stated,' and '*not to prove the truth of their contents*.'" *Roth*, 489 F.3d at 509 (emphasis in original); *see also Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018) (quoting *Sharette v. Credit Suisse Int'l*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015) ("in securities cases involving misrepresentation or misstatement claims, courts in the Second Circuit often take judicial notice of documents filed with the SEC 'only to determine what the documents stated,' and '***not to prove the truth of their contents***'") (emphasis added)). To consider the documents for the truth of their contents would "'permit the improper transformation of the Rule 12(b)(6) inquiry into a summary-judgment proceeding – one featuring a bespoke factual record, tailor-made to suit the needs of defendants.'" *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 286 F. Supp. 3d 634, 646 n.4 (S.D.N.Y. 2017) (citing *Goel v. Bunge, Ltd.*, 820 F.3d 554, 560 (2d Cir. 2016)). The United States Court of Appeals for the Ninth Circuit recently warned of the abuse of these two doctrines by defendants in cases subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"):

> ***Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint***, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of

the complaint – accepted as true at the pleading stage – can easily topple otherwise cognizable claims. ***Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim***.

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (emphasis added). Yet that is exactly what Defendants do here. Under the PSLRA, defendants in securities fraud actions may either: (i) answer the complaint and engage in discovery; or (ii) move to dismiss the complaint, thus invoking the PSLRA's automatic stay of discovery. *See* 15 U.S.C. §78u 4(b)(3)(B). Here, Defendants chose to file a motion to dismiss, utilizing the PSLRA's discovery stay as both a shield and a sword: Defendants submitted extraneous documents with their motion asking the Court to determine substantive factual issues, enjoying the robust privileges of the stay, while preventing Plaintiff from developing a fulsome factual record. Because none of the Disputed Exhibits are incorporated by reference in the AC or are proper candidates for judicial notice, the Court should strike all references to, and assertions and arguments based on, the Disputed Exhibits.

**B.     The PPDAI Excerpts Should Be Stricken**

Defendants have submitted excerpts from the registration statement of PPDAI Group Inc., a company unrelated to this litigation, as Exhibit F to the Fumerton Declaration (the "PPDAI Excerpts"). As an initial matter, the PPDAI Excerpts appear nowhere in the AC nor were they relied upon in drafting the AC. Therefore, this exhibit cannot be considered "integral to the complaint." *See Roth*, 489 F.3d at 509. As such, Defendants cannot rely on the incorporation by reference doctrine for the PPDAI Excerpts. *See DoubleLine Capital LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 457 (S.D.N.Y. 2018) (declining to consider documents that were "extrinsic to the complaint" because "Plaintiffs [did] not cite to them in their pleading, and it is far from apparent that Plaintiffs relied on those documents in drafting the [] amended complaint.").

- 4 -

Moreover, the Court may not take judicial notice of the PPDAI Excerpts because Defendants rely upon them for the truth of their contents.  According to Defendants, the PPDAI Excerpts state that when PPDAI attempted to register with its local financial authority, it was not permitted to do so because the local authority was not ready to accept any applications for registration.  MTD at 6.  Defendants rely on this statement to show "the disarray of China's nascent regulatory regime," in order to support their argument concerning the "preliminary nature" of the Interim Measures.  *Id.*[3]  Defendants are therefore impermissibly using the PPDAI Excerpts for the truth of their contents.  The meaning of the statements in the PPDAI Excerpts and their application to this action are issues of fact, and "a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."  *Roth*, 489 F.3d at 509.

In *United Technologies Corp.*, the defendants provided numerous SEC filings for the Court's consideration on a motion to dismiss.  336 F. Supp. 3d at 205.  Unlike the PPDAI Excerpts here, many of those filings were actually quoted or referred to by the complaint in the action.  *Id.* The defendants asked the court "not to credit" certain allegations in the complaint "that [were]

---

[3]  Plaintiff disputes that anything in the PPDAI Excerpts supports Defendants' argument that the Registration Statement's omissions were not material.  For example, even if the Interim Measures were of a "preliminary nature" it is still material that those measures had, at the time of the IPO, led to an exodus from the market of the types of lenders that were on Jianpu's platform.  Moreover, even if there was disarray in China's regulatory regime, the Registration Statement's failure to disclose that many of the lenders on Jianpu's platform were violating the Interim Measures and the 36% APR cap is still material because these facts cannot be characterized as "so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance."  *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000).  Additionally, while the Court may *not* consider PPDAI's registration statement for the improper purpose for which Defendants have submitted it – *i.e.*, to establish the truth of Defendants' self-serving assertion – the Court can take judicial notice of PPDAI's registration statement for the *fact* that – unlike Jianpu's – it contained detailed information about the Interim Measures and the 36% APR cap, which only underscores the inadequacy of Jianpu's disclosures.  *See* Ex. F. at 18-21 (detailed, four-page discussion of Interim Measures); *id.* at 22-23 (detailed, two-page discussion of 36% APR cap).

contradicted by statements in the SEC filings." *Id.* Even though those SEC filings were referenced by the complaint in that case, the Court held that:

> Such an approach would be in direct contravention of the mandate from *Roth* to not consider the truth of the contents in SEC filings in these types of cases. Because *Roth* has been reaffirmed time and again by courts in this district, *see, e.g., Ong v. Chipotle Mexican Grill, Inc.*, 294 F.Supp.3d 199, 223 (S.D.N.Y. 2018), and the Court of Appeals for the Second Circuit, *see, e.g., Morrison v. Eminence Partners II, L.P.*, 714 F. App'x 14, 18 n.3 (2d Cir. 2017), the Court rejects Defendants' request.

*Id.* at 206. All the more so here, where the PPDAI Excerpts were not referenced in the AC, or relied upon in any way in drafting the AC. Accordingly, the Court should reject Defendants' attempts to rely on them for the truth of their contents. *See Zohar CDO*, 286 F. Supp. 3d at 646 n.4 (judicially noticing testimony from an SEC proceeding only "to establish the fact of such litigation and related filings," "not for the truth of the matters asserted"). Therefore, the Court should strike the PPDAI Excerpts.

### C.     The Certified Translations Should Be Stricken

Defendants also attempt to support their motion to dismiss by relying on various translations of documents regarding Chinese laws and regulations. Exhibit D, Guidance for the Sound Development for Internet Finance, was never referred to in the AC or relied upon in drafting the AC, and therefore cannot be deemed integral to the AC. *See Roth*, 489 F.3d at 509. There are only limited references to Exhibit H, Notice on the Regulation and Rectification of the "Cash Loan" Business, and Exhibit J, Regulations on Rectifying P2P Online Lending Risks, in the AC. *See* ¶¶95-96. These references are not sufficient to subject these exhibits to the incorporation by reference doctrine or consider them "integral" to the AC. *See Stolarik v. New York Times Co.*, 323 F. Supp. 3d 523, 537 (S.D.N.Y. 2018) ("a mere passing reference to a document outside of the complaint does not incorporate the document into the complaint"); *Goel*, 820 F.3d at 559

("[a] document is integral to the complaint where the complaint relies heavily upon its terms and effect" and "[m]erely mentioning a document in the complaint will not satisfy this standard; indeed, even offering limited quotation[s] from the document is not enough.") (internal quotations and citations omitted).

Moreover, as with the PPDAI Excerpts, Defendants rely on these documents for the truth of their contents.  For example, Defendants submitted Exhibit D to rely on its statements that purportedly show that the Chinese Government began promulgating guiding opinions which required further legislation.  *See* MTD at 5.  Defendants rely on Exhibit H to argue that the Chinese government altered how the interest rates on loans should be calculated, in order to imply that the 36% APR cap was previously unclear.  *See id. at* 9-10.  Finally, Defendants introduce Exhibit J in order to show that authorities would not register any unregistered online lenders that began operations after the publication of the Interim Measures.  *See id.* at 10.

None of these exhibits may be considered for the truth of their contents.  *See Roth*, 489 F.3d at 509; *In re Open Joint Stock Co. "Vimpel-Commc'ns" Sec. Litig.*, 2006 U.S. Dist. LEXIS 10256, at *2 n.4 (S.D.N.Y. Mar. 13, 2006) (striking defendants' exhibits on a motion to dismiss that included translations of Russian law and an arbitral court decision that were outside the pleadings and were being used by the defendants to argue that tax inspections were "routine" in Russia).[4]  That Exhibits H and J were discussed in the AC does not change the fact that they may

---

[4]  Moreover, Plaintiff contests the factual conclusions Defendants glean from these exhibits to support their arguments about the adequacy of their disclosures.  At minimum, the laws, regulations, and pronouncements in these exhibits are subject to interpretation.  *See Abdille v. Ashcroft*, 242 F.3d 477, 489 n.10 (3d Cir. 2001) ("[i]n general, foreign law is treated as a fact that must be proven by the parties").  Even if the facts that Defendants attempt to glean from these exhibits are true, the Registration Statement's failure to disclose that many of the lenders on Jianpu's platform were violating the Interim Measures and the 36% APR cap was still a material omission that Defendants were obligated to disclose.

not be considered for the truth of their contents.  *See United Techs. Corp.*, 336 F. Supp. 3d at 205-206; *Sharette*, 127 F. Supp. 3d at 75 (considering SEC filings "***only to determine what statements they contain[ed] rather than to prove the truth of the documents' contents***") (emphasis added).

Additionally, the Certified Translations in the present case are not appropriate candidates for judicial notice because they are "subject to reasonable dispute."  *See* Fed. R. Evid. 201(b); *Kramer*, 937 F.2d at 774.  In *GT Beverage Co. LLC v. Coca Cola Co.*, 2010 WL 11595832, at *3 (C.D. Cal. Aug. 2, 2010), the court declined to take judicial notice of translations of foreign court decisions because, *inter alia*, "while the original [foreign court] decisions are matters of public record, their English translations are not."  When courts have taken judicial notice of certified translations, they have been uncontested.  *See Grisales v. Forex Capital Markets LLC*, 2011 U.S. Dist. LEXIS 144932, at *6 n.7 (S.D.N.Y. Dec. 8, 2011); *see also In re Lihua Int'l Sec. Litig.*, 2016 U.S. Dist. LEXIS 44252, at *26 (S.D.N.Y. Mar. 31, 2016) (finding, on a motion to dismiss, that the complaint "control[ed]" where it alleged a company's transaction was a loan, and defendants "rel[ied] on documentary evidence . . . in Mandarin" to argue that it was a line of credit, but "the parties dispute[d] the proper English translation").  Here, Plaintiff has not had the opportunity to verify the authenticity or accuracy of the Certified Translations.  Even if a document is integral to the complaint – which these exhibits are not – it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (finding that before materials outside the record may become the basis for a dismissal, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document). Therefore, the Certified Translations are subject to reasonable dispute and not appropriate for judicial notice.

## III.    CONCLUSION

Thus, because the Disputed Exhibits cited by Defendants are extraneous to the AC and are not subject to judicial notice, Plaintiff respectfully requests that the Court grant this motion and strike the Disputed Exhibits and all references to, and all assertions and arguments based on, the Disputed Exhibits in Defendants' motion to dismiss brief, or, in the alternative, permit Plaintiff to conduct full and complete fact and expert discovery and then proceed to summary judgment.

DATED:  August 5, 2019

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ERIN W. BOARDMAN

*/s/ Erin W. Boardman*
ERIN W. BOARDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com

ABRAHAM FRUCHTER
  & TWERSKY, LLP
JACK G. FRUCHTER
TODD KAMMERMAN
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: 212/279-5050
212/279-3655 (fax)
jfruchter@aftlaw.com
tkammerman@aftlaw.com

*Lead Counsel for Lead Plaintiff*