UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANTHER PARTNERS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>JIANPU TECHNOLOGY INC., DAQING (DAVID) YE, YILU (OSCAR) CHEN, JIAYAN LU, CAOFENG LIU, CHENCHAO ZHUANG, JAMES QUN MI, KUI ZHOU, YUANYUAN FAN, RONG360 INC., GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY & CO. INTERNATIONAL PLC, J.P. MORGAN SECURITIES LLC, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, inclusive,<br><br>                    Defendants. | **ORDER**<br><br>18 Civ. 9848 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Panther Partners Inc. brings this putative class action for violations of the Securities Act of 1933. (Am. Cmplt. (Dkt. No. 30) ¶¶ 114-137) Defendants have moved to dismiss the Amended Complaint. (Mot. to Dismiss (Dkt. No. 52)) In support of their motion, Defendants have filed a declaration of Robert Fumerton, counsel for Defendants Jianpu Technology Inc., Rong360 Inc., Law Debenture Corporate Services Inc., and Giselle Manon. (Fumerton Decl. (Dkt. No. 54)) Plaintiff has moved to strike Exhibits D, F, H, and J to the Fumerton Declaration. (Dkt. No. 47)

        Fed. R. Civ. P. Rule 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own;

or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Rule 12(f) motions addresses pleadings. Fed. R. Civ. P. 7 defines a "pleading" as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Moreover, "Rule 12(f) motions are . . . highly disfavored." Lee v. E*Trade Fin. Corp., No. 12 Civ. 6543 PAE, 2013 WL 4016220, at *7 (S.D.N.Y. Aug. 6, 2013) (citing 5 Charles A. Wright et al., Federal Practice and Procedure § 1382 (2d ed. 1990)).

Here, the Fumerton Declaration and its exhibits are plainly not a pleading. Accordingly, Plaintiff's motion to strike is denied. To the extent that the exhibits cited by Plaintiff "are not incorporated by reference or relied upon in the [Amended Complaint] or are not subject to judicial notice" (Pltf. Mot. to Strike Br. (Dkt. No. 49)), this Court will not rely on them in deciding the motion to dismiss.

The Clerk of the Court is directed to terminate the motion (Dkt. No. 47).

Dated: New York, New York
      March 13, 2020           SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge