UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――― x

PANTHER PARTNERS INC., Individually :    Civil Action No. 1:18-cv-09848 (PGG)
and on Behalf of All Others Similarly Situated, :
                               :    Hon. Paul G. Gardephe
             Plaintiff, :
                               :
vs. :
                               :
JIANPU TECHNOLOGY INC., DAQING :
(DAVID) YE, YILU (OSCAR) CHEN, :
JIAYAN LU, CAOFENG LIU, CHENCHAO :
ZHUANG, JAMES QUN MI, KUI ZHOU, :
YUANYUAN FAN, DENNY LEE, RONG360 :
INC., GOLDMAN SACHS (ASIA) L.L.C., :
GOLDMAN SACHS & CO. LLC, MORGAN :
STANLEY & CO. INTERNATIONAL PLC, :
J.P. MORGAN SECURITIES LLC, CHINA :
RENAISSANCE SECURITIES (HONG :
KONG) LIMITED, CHINA RENAISSANCE :
SECURITIES (US) INC., LAW DEBENTURE :
CORPORATE SERVICES INC., and :
GISELLE MANON inclusive, :
                               :
            Defendants. :

――――――――――――――――――― x

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (together with all exhibits thereto, the "Stipulation"), dated

November 15, 2021, which is entered into by and among: (i) Lead Plaintiff Panther Partners Inc.

("Panther" or "Lead Plaintiff"), on behalf of itself and on behalf of the Settlement Class (as defined

herein) (collectively, "Plaintiffs");[1] and (ii) Defendants Jianpu Technology Inc. ("Jianpu" or the

"Company"), Rong360 Inc., Law Debenture Corporate Services Inc., Giselle Manon (the "Jianpu

Defendants"), China Renaissance Securities (Hong Kong) Limited, China Renaissance Securities

(US) Inc., Goldman Sachs (Asia) L.L.C., Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC,

―――――――――――――――――――

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in § 1 herein.

and Morgan Stanley & Co. International plc (the "Underwriter Defendants") (collectively, "Defendants"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally settle, release, resolve, discharge, and dismiss, now and forever, the above-captioned action (the "Action") and all claims asserted therein against Defendants and the Released Parties (as defined herein), subject to the approval of the United States District Court for the Southern District of New York (the "Court").[2]

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

**A.     The Action**

Lead Plaintiff's Amended Complaint for Violations of the Securities Act of 1933 (the "Securities Act"), filed on March 28, 2019 (the "Complaint"), alleges that Defendants violated §§ 11, 12(a)(2), and 15 of the Securities Act in connection with Jianpu's initial public offering ("IPO") of American Depository Shares ("ADSs"), on or about November 16, 2017.  More specifically, Lead Plaintiff alleged that the Registration Statement for the IPO failed to disclose that the financial service providers offering loans on Jianpu's online lending platform were subject to, and were failing to comply with, regulations governing online lending in the People's Republic of China ("China").   As alleged, shortly after the IPO, the Chinese government stepped up enforcement of those regulations, leading to a decline in Jianpu's business and a corresponding decline in the price of its ADSs.

---

[2] Daqing (David) Ye, Jiayan Lu, Caofeng Liu, Chenchao Zhuang, James Qun Mi, Kui Zhou, Yuanyuan Fan, Yilu (Oscar) Chen, and Denny Lee (the "Unserved Defendants") have not been served.  Although they were not served and are not parties to this Stipulation, for the avoidance of doubt, the Unserved Defendants are included within the definition of Released Parties.

On June 3, 2019, Defendants moved to dismiss the Complaint for failure to state a claim under Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure.  Lead Plaintiff opposed the motion and moved to strike certain documents on August 5, 2019.  On August 19, 2019, Defendants served their memorandum in opposition to Lead Plaintiff's motion to strike.  On August 26, 2019, Lead Plaintiff served its reply memorandum in further support of its motion to strike. On September 19, 2019, Defendants filed their reply memorandum in further support of their motion to dismiss.  On March 13, 2020, the Court denied Lead Plaintiff's motion to strike, and on September 27, 2020, the Court denied Defendants' motion to dismiss.

Defendants answered the Complaint on November 12, 2020.

The parties served, and responded to, discovery requests, and met and conferred on the scope of discovery.  The parties thereafter sought and obtained a discovery stay while they attempted mediation.

### B.    The Settlement

After Defendants filed their Answers to the Complaint and discovery was commencing, the parties began discussing the possibility of conducting a mediation to determine whether they could achieve a settlement of the Action.  The parties thereafter selected Greg Lindstrom of Phillips ADR as a mediator.  Mr. Lindstrom is a former litigator and an experienced mediator in complex cases.  Mr. Lindstrom conducted a mediation session attended by counsel for the Settling Parties on March 15, 2021.  In advance of that session, on March 2, 2021, Lead Plaintiff and Defendants submitted detailed mediation statements that discussed liability, loss causation, and damages. Prior to the mediation, Defendants requested that Lead Plaintiff provide them with additional details as to how damages were determined and Lead Plaintiff responded to a series of questions sent by Defendants on that topic.  The Settling Parties participated in a full-day mediation session

and then continued to negotiate with the assistance of Mr. Lindstrom.

Following the mediation session, Mr. Lindstrom assisted with continued negotiations between the Settling Parties.  Over the course of several months, Mr. Lindstrom contacted each of the Settling Parties separately and the Settling Parties provided proposals that were discussed with Mr. Lindstrom, who then communicated the proposal to the opposing party.  After several months of negotiations and the exchange and counter-exchange of numerous proposals, Mr. Lindstrom made a mediator's proposal, which was accepted by the Settling Parties and a settlement-in-principle was reached.   On August 27, 2021, the Settling Parties informed the Court of the mediated resolution of the Action.  *See* ECF No. 97.

This Stipulation memorializes the agreement between the Settling Parties to fully and finally settle the Action and to fully and finally release all Released Claims against Defendants and Released Parties with prejudice in return for specified consideration.

C.     **Claims of Plaintiffs and Benefits of the Settlement**

Although Lead Plaintiff and Plaintiffs' Counsel believe that the claims asserted in the Action have merit, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals.  Lead Plaintiff and Plaintiffs' Counsel have also considered the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in the Action where witnesses are located in China, and where much of the evidence would require translation to English, and where there exists considerable doubt over whether Plaintiffs could enforce a judgment against those Defendants based in China.  Lead Plaintiff and Plaintiffs' Counsel have also considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been,

or could be, asserted by Defendants during the litigation, including on a motion for summary judgment, motion for class certification, and at trial.  Lead Plaintiff and Plaintiffs' Counsel, based upon their investigation, prosecution, and mediation of the Action, have therefore determined that the Settlement (defined below) set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

### D.      The Defendants' Denial of Wrongdoing and Liability

Throughout the course of the Action, in this Stipulation, and as part of this Settlement, Defendants have denied, and continue to deny, each, any, and all allegations of wrongdoing, fault, violation of law, liability or damage whatsoever that have or could have been asserted in the Action by or on behalf of Lead Plaintiff and/or any member of the putative Settlement Class.  Defendants have also denied, and continue to deny, *inter alia*, all of the allegations supporting the claims that have or could have been asserted by Lead Plaintiff, as well as the allegations that Lead Plaintiff or the Settlement Class have suffered damages or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action, or that such conduct could give rise to legal liability of any kind.  Defendants continue to believe the claims asserted against them in the Action are without merit and have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and shall continue to disclaim and deny any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to resolve the Released Claims finally and forever. Nothing in this Stipulation, regardless of whether the Settlement is consummated, shall be construed as, or deemed to be, evidence supporting, or an admission or concession on the part of any Defendant or any of the Released Parties with respect to, any of Plaintiffs' allegations or

claims, or of any wrongdoing, fault, violation of law, liability or damages whatsoever.

**NOW, THEREFORE,** without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession on the part of Defendants of liability or wrongdoing, or lack of merit of any defenses to any of Plaintiffs' claims whatsoever, **IT IS HEREBY STIPULATED AND AGREED**, by and among Lead Plaintiff (on behalf of itself and each of the Settlement Class Members) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, that all Released Claims as against the Released Parties shall be compromised, settled, released, and discharged fully and finally, and the Action shall be dismissed in its entirety with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows:

1. **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1** "Action" means the putative consolidated class action captioned *Panther Partners Inc. v. Jianpu Technology Inc., et al.*, Case No. 1:18-cv-09848 (PGG) (S.D.N.Y.).

**1.2** "Administrative Costs" means all reasonable costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: Escrow Agent costs; Taxes and Tax Expenses; the costs of publishing the Summary Notice; the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court; and the costs of processing Proof of Claim forms, determining eligibility and amounts of claims, and allocating and distributing the Net Settlement Fund to Authorized Claimants. Such costs may include costs incurred but not yet

paid.  Such costs do not include legal fees.

       **1.3**      "ADSs" means the American Depositary Shares of Jianpu.

       **1.4**      "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court concerning the Settlement.

       **1.5**      "Award to Plaintiff" means an award and/or reimbursement to Lead Plaintiff for its reasonable costs and expenses directly related to Lead Plaintiff's representation of the Settlement Class in the Action, as provided in 15 U.S. Code § 77z–1(a)(4).

       **1.6**      "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

       **1.7**      "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

       **1.8**      "Claims Administrator" means Gilardi & Co., LLC, which, subject to Court approval, shall provide notice to Potential Settlement Class Members and otherwise administer the Settlement.

       **1.9**      "Defendants" means Jianpu, Rong360 Inc., Law Debenture Corporate Services Inc., Giselle Manon, and the Underwriter Defendants.

       **1.10**    "Defendants' Counsel" means Skadden, Arps, Slate, Meagher & Flom, LLP and Ropes & Gray LLP.

       **1.11**    "Effective Date" shall have the meaning set forth in ¶ 10.3 of this Stipulation.

       **1.12**    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent wherein the Settlement Amount shall be deposited and held in escrow.  The Escrow Account shall be managed by the Escrow Agent, under the supervision of Lead Counsel, and is

subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.13    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP and their respective successor(s).  The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court pertaining to the Settlement.

1.14    "Final," when referring to the Final Judgment, means the exhaustion of all possible appeals, meaning: (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment; and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the releases in ¶ 6, or shall affect or delay the date on which the Final Judgment becomes Final.

1.15    "Immediate Family Members" means children, stepchildren, grandchildren, parents, stepparents, grandparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.16    "Insurers" means, collectively, the primary and excess insurers under director and officer liability policies under which certain of the Defendants have sought coverage for the Action.

1.17    "Investment Vehicle" means any investment company, separately managed

account, or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, hedge funds, and employee benefit plans, in which any Defendant or its affiliates has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1.18    "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, in the form attached hereto as Exhibit B in all material respects or otherwise agreed to by the Settling Parties.

1.19    "Lead Counsel" means Abraham, Fruchter & Twersky, LLP and Robbins Geller Rudman & Dowd LLP.

1.20    "Lead Plaintiff" means Panther Partners Inc.

1.21    "Net Settlement Fund" means the Settlement Fund, including accrued interest, less the following: Taxes, Tax Expenses, Administrative Costs, Plaintiffs' Counsel's attorneys' fees with interest and expenses, and an Award to Plaintiff.

1.22    "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," which is to be sent to Potential Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

1.23    "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.24    "Person" means an individual, corporation, fund, limited liability corporation,

professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.25    "Plaintiffs" means Lead Plaintiff Panther Partners Inc. and the members of the Settlement Class.

1.26    "Plaintiffs' Counsel" means Lead Counsel and any other counsel who have appeared on behalf of Lead Plaintiff or the Settlement Class in the Action.

1.27    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and Award to Plaintiff as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no rights, responsibility, or liability whatsoever with respect to the Plan of Allocation.

1.28    "Potential Settlement Class Member" means any Person who is entitled to be a Settlement Class Member.

1.29    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to Potential Settlement Class Members, substantially in the form attached hereto as Exhibit A.

1.30    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.31    "Registration Statement" means the prospectus (the "Prospectus") and Forms F-1 and F-6 registration statements, as amended, by which Jianpu offered its American Depositary

Shares in connection with its November 16, 2017 initial public offering (the "IPO"), which was filed by the Company with the Securities and Exchange Commission.

**1.32**   "Related Parties" means each of a Defendant's past or present direct or indirect parents, subsidiaries, variable interest entities (as defined in the Prospectus), investment funds, investment managers, divisions, branches, controlling persons, associates, entities, affiliates, or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, general and limited partners and partnerships, administrators, members, principals, trustees, advisors, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, spouses, heirs, related or affiliated entities, and anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations and other entity in which a Defendant or any past or present director of any Defendant has or had a controlling financial interest or was a sponsor, founder, or creator of the entity and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation, or other entity, the Defendants' Immediate Family Members, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or the Defendant's Immediate Family Members, and the legal representatives, heirs, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, or assigns of each of the foregoing.

**1.33**   "Released Claims" means all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments,

debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including "Unknown Claims" as defined below, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, or at law or equity, whether arising under federal, state, local, foreign, statutory, common, or administrative, or any other law, statute, rule, or regulation, that (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged, or referred to in this Action, or which could have been alleged in, referred to or made part of this Action; and (b) arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, transfer, investment, disposition, or other transaction in, or holding of Jianpu ADSs pursuant or traceable to the Registration Statement issued in connection with Jianpu's IPO on the New York Stock Exchange on November 16, 2017.  Released Claims also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action (including Unknown Claims), except claims to enforce any of the terms of this Stipulation.

      **1.34**    "Released Defendants' Claims" means all claims, including "Unknown Claims" as defined below, that any Released Party may have against Lead Plaintiff, Settlement Class Members, or Plaintiffs' Counsel relating to the institution, prosecution, or settlement of the Released Claims or the Action (except for claims to enforce any of the terms of this Stipulation).

      **1.35**    "Released Parties" means Defendants and each and all of their Related Parties.  For the avoidance of doubt, the Unserved Defendants are included within the definition of Released Parties.

      **1.36**    "Releases" means the releases set forth in ¶ 6 of this Stipulation.

1.37    "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

1.38    "Settlement Amount" means the sum of $7,500,000 (Seven Million Five Hundred Thousand U.S. Dollars) in cash.  The Settlement Amount includes all Administrative Costs, Plaintiffs' Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Plaintiff (as allowed by the Court), Settlement Class Member benefits, as well as other reasonable costs, expenses, or fees associated with the Settlement.

1.39    "Settlement Class" means all Persons who purchased or otherwise acquired Jianpu ADSs pursuant or traceable to the Company's Registration Statement issued in connection with the Company's November 16, 2017 IPO.  Excluded from the Settlement Class are: (i) Defendants, Related Parties, and their respective successors and assigns; (ii) past and current officers and directors of Jianpu; (iii) Immediate Family Members of any Defendant; (iv) the legal representatives, heirs, successors, or assigns of the Defendants; (v) any entity in which any of the above excluded Persons have or have had a majority ownership interest, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class; and (vi) Opt-Outs.

1.40    "Settlement Class Member" means any one of the members of the Settlement Class; and "Settlement Class Members" means all of the members of the Settlement Class.

1.41    "Settlement Fund" means the Settlement Amount, to be transferred to the Escrow Account pursuant to this Stipulation, plus any and all interest or other income earned thereon.

1.42    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable, and adequate, and therefore, should receive final approval from the Court, including any adjournments thereof, with or without further

notice to the Settlement Class.

1.43    "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants and Lead Plaintiff (on behalf of itself and the Settlement Class).

1.44    "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.45    "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in their, his, her, or its favor as of the Effective Date; and (ii) any claims against Lead Plaintiff which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Lead Plaintiff and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

And any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 shall also have been expressly waived.  Lead Plaintiff and Settlement

Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement.

## 2.    The Settlement Consideration

**2.1** In consideration of the full and final release, settlement and discharge of the Released Claims against the Released Parties, which the Settling Parties agree is good and valuable consideration, Jianpu shall deposit or cause to be deposited the Settlement Amount in accordance with the instructions to be provided by the Escrow Agent and by wire transfer or check into the Escrow Account on or before fifteen (15) calendar days after both (i) the Court enters the Preliminary Approval Order; and (ii) the Escrow Agent or Plaintiffs' Counsel provides Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, wire transfer instructions (including bank name and ABA

routing number, address, account name, and account number), payment address, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number. For the avoidance of doubt, no other Defendant or Released Parties shall have any obligation to deposit or otherwise contribute to the Settlement Amount.  Within three (3) Business Days from the filing of this Stipulation with the Court, Plaintiffs' Counsel shall send Defendants' Counsel an encrypted e-mail containing complete particulars for payment by wire transfer or check, and a W-9.  The account funds, less any amounts incurred for notice, administration, and/or taxes, plus any accrued interest thereon on a *pro rata* basis, shall revert to the Person(s) making the deposits if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to ¶ 10 herein.

**2.2** Lead Plaintiff and Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all Released Claims.  With the sole exception of Jianpu's obligation to pay or cause to be paid the Settlement Amount into the Escrow Account, Defendants and Defendants' Counsel shall have no obligation pursuant to this Stipulation and the Settlement to make or cause to be made any additional payment into the Settlement Fund or Escrow Account or to any Settlement Class Member in connection with the Settlement.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability with respect to the management, maintenance, supervision, investment, or distribution of the Escrow Account, Settlement Fund or the Net Settlement Fund.

3. **Handling and Disbursement of Funds by the Escrow Agent**

**3.1** No monies will be disbursed from the Settlement Fund until after the Effective Date except:

**(a)** As provided in ¶ 3.5 below (regarding Administrative Costs);

**(b)** As provided in ¶ 8.2 below (regarding attorneys' fees and expenses);

**(c)** As provided in ¶ 10.9 below, if applicable (regarding refund of the Settlement Fund); and

**(d)** To pay Taxes and Tax Expenses (each as defined in ¶ 4.1 below) on the income earned by the Settlement Fund by the Escrow Agent.  Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior order of the Court.

**3.2**     All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court (*in custodia legis*), and shall remain subject to the jurisdiction of the Court until such time as the funds have been disbursed or returned to Jianpu and/or the Insurers in proportion to their contribution to the Settlement Fund, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Court's custody of such funds shall not in any way limit or restrict the Escrow Agent and Claims Administrator from distributing or returning to Jianpu and/or the Insurers such funds in accordance with the terms and provisions of this Stipulation and the Settlement except as may otherwise be ordered by the Court.

**3.3**     The Escrow Agent shall invest the Settlement Fund in United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  In the event that the yield on United States Treasury Securities is negative, in lieu of purchasing such Treasury Securities, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the Federal Deposit Insurance

Corporation ("FDIC") or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Defendants, Defendants' Counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and Defendants shall have no obligation for any loss suffered by, or fluctuation in the value of, the Settlement Fund.

3.4     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for the Settling Parties.

3.5     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from the Defendants and/or order of the Court, reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating Potential Settlement Class Members, assisting with the submission of claims, processing Proof of Claim forms, administering the Settlement, and paying escrow taxes, fees, and costs. After the Effective Date, additional amounts actually incurred, may be paid as incurred, without approval of Defendants or further order of the Court. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Administrative Costs actually paid or incurred, including any related fees, shall not be returned or repaid to Defendants, the Insurers, or any other person or entity who or which paid any portion of the Settlement Amount.

### 4.    Taxes

4.1    The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, the Escrow Agent and the Claims Administrator or their designee, under the supervision of Lead Counsel, shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent and the Claims Administrator, under the supervision of Lead Counsel, to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.  Consistent with the foregoing:

(a)    For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns ("Tax Returns") necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)).  Such Tax Returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)    All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their Insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify

as a "qualified settlement fund" for federal, state, and/or local tax purposes ("Taxes"), and all reasonable expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, reasonable expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund by the Escrow Agent, as appropriate. Defendants, their Insurers, Defendants' Counsel, and the other Released Parties shall have no liability or responsibility whatsoever to pay for the Taxes or the Tax Expenses outside of Defendants' obligation hereunder to cause to be paid the Settlement Amount into the Escrow Account pursuant to ¶ 2.1 of this Stipulation. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants, or from Defendants or their Insurers in the event the Settlement is terminated pursuant to the terms of this Stipulation, any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

## 5.    Preliminary Approval Order and Settlement Hearing

**5.1** As soon as practicable after execution of this Stipulation, Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order substantially in the form of Exhibit A, providing for certification of the Settlement Class and approval for the mailing

and dissemination of notice and a Proof of Claim form substantially in the form of Exhibits A-1, A-2, and A-3 hereto.  The mailed Notice (Exhibit A-1) shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class.  The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Potential Settlement Class Members. Defendants shall not object to, and Defendants and the other Released Parties shall not have any responsibility for, Lead Counsel's proposed Plan of Allocation.

**5.2**  It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

**5.3** At the time of the submission described in ¶ 5.1 hereof, Lead Plaintiff, through its counsel, shall request that, after the Notice is provided and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA"), the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter the proposed Judgment after the Settlement Hearing.  At or after the Settlement Hearing, Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application(s).

6.   **Releases and Covenants Not To Sue**

**6.1** The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) the Action against Defendants; (ii) any and all Released Claims as against all

Released Parties; and (iii) any and all Released Defendants' Claims.

**6.2** Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, representatives, attorneys, agents, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged, to the fullest extent allowed by law, each and every Released Claim (including Unknown Claims) against the Defendants and the other Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim or shares in the Settlement Fund, and shall forever be barred and enjoined from asserting, commencing, instituting, assisting, prosecuting or continuing to prosecute, or in any way participating in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against any of the Released Parties.  Any Proof of Claim that will be executed by a Settlement Class Member shall be deemed to include a release that permanently bars and enjoins such Settlement Class Member from bringing any action asserting any of the Released Claims against any and all Released Parties.

**6.3** If the Settlement is approved by the Court and the Effective Date occurs, any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in the Preliminary Approval Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings,

determinations, orders, and judgments in the Action relating to the Settlement, whether favorable or unfavorable to the Settlement Class, including, but not limited to, the Judgment and the release of the Released Claims against the Released Parties provided for therein; and (d) shall be barred and enjoined from asserting, instituting, commencing, assisting, maintaining, prosecuting or in any way participating in any of the Released Claims against any of the Released Parties.

6.4 Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, the Released Parties, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, representatives, attorneys, agents, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged, to the fullest extent allowed by law, each and every Released Defendants' Claims (including Unknown Claims) against the Settlement Class Members, Lead Plaintiff, and Plaintiffs' Counsel relating to the institution, prosecution, assertion, Settlement, or resolution of the Action except to enforce the Releases and other terms and conditions contained in this Stipulation or any Court order (including, but not limited to, the Judgment) entered pursuant thereto and shall forever be barred and enjoined from prosecuting any or all such Released Defendant Claims (including Unknown Claims) against Lead Plaintiff, Settlement Class Members, and Plaintiffs' Counsel.

6.5 Notwithstanding ¶¶ 6.2-6.4 above, the Releases shall not apply to any Opt-Outs. Furthermore, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

7.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

7.1 Under the supervision of Lead Counsel, acting on behalf of the Settlement

23

Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  This Settlement is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or the Insurers.

     **7.2**  The Settlement Fund shall be applied as follows:

     **(a)**  To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

     **(b)**  To pay Administrative Costs;

     **(c)**  To pay Plaintiffs' Counsel attorneys' fees with interest and expenses and an Award to Plaintiff (the "Fee and Expense Application"), to the extent allowed by the Court; and

     **(d)**  To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (*i.e.*, the Net Settlement Fund), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

     **7.3** Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

     **7.4** Except as provided in ¶ 4 above, Defendants, Defendants' Counsel, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with the investment or distribution of the Settlement Fund and Net Settlement Fund, the determination, administration,

or calculation of claims, or the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claims against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Plaintiff and Lead Counsel shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**7.5** Defendants and Defendants' Counsel shall have no role in or responsibility for the development of the Plan of Allocation.  It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment and the Releases contained therein, or any other orders entered pursuant to this Stipulation.

**7.6** To assist in dissemination of notice, Jianpu will reasonably cooperate in obtaining reasonably available shareholder lists as appropriate for providing notice to the

Settlement Class Members ("Class Information").  Jianpu shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator (at no cost to the Settlement Fund, Plaintiffs, Lead Counsel, or the Claims Administrator), within ten (10) Business Days after the Court signs an order preliminarily approving the Settlement, reasonably available transfer records in electronic searchable form, such as Excel or other form acceptable to the Claims Administrator, containing the Class Information.  No other Defendant shall have any obligation to provide any such Class Information in connection with the Settlement.

The Settling Parties acknowledge and agree that any information provided to Lead Counsel by Jianpu pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel solely to deliver the Notice and Proof of Claim and/or implement the Settlement, including the Plan of Allocation, and shall not be filed publicly or used for any other purpose without prior permission from the Court or Jianpu.  The Settling Parties further acknowledge and agree that such information shall not be given, shown, summarized, revealed, disclosed, or made available in any form to any other Person, unless and until the recipient (i) agrees to be bound by these restrictions and (ii) consents to the jurisdiction of the Court for any disputes relating thereto. Notwithstanding the above, Lead Counsel and/or the Claims Administrator can summarize the Class Information as part of a Court filing and can use the Class Information to determine the validity of any claim submitted as part of a Proof of Claim, and Lead Counsel, Defendants' Counsel, and/or the Claims Administrator shall have the right to use the Class Information to investigate any Request for Exclusion (defined below) or objection to any aspect of the Settlement.

**7.7** All Potential Settlement Class Members shall have the right to exclude themselves from the Settlement Class.  Such Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a request for exclusion that satisfies

the requirements set forth in the Notice to the Claims Administrator by the stated deadline (a "Request for Exclusion").   All Potential Settlement Class Members who validly exclude themselves from the Settlement Class shall be excluded from any and all rights and obligations under the Settlement, but those who do not exclude themselves in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity submits a Proof of Claim form.   Any dispute among the Settling Parties regarding the validity of a Request for Exclusion shall be submitted to the Court for resolution.

**7.8**   The Claims Administrator shall receive Proof of Claim forms and will determine first, whether it is a valid claim, in whole or part, and second, will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss compared to the total Recognized Losses of all Authorized Claimants (as set forth in the Plan of Allocation included in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).   Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel reasonably deems to be formal or technical defects in any Proofs of Claim submitted, where doing so is in the interest of achieving substantial justice.   Lead Counsel, in consultation with the Claims Administrator, may also direct that the Claims Administrator accept late submitted Proofs of Claim so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed by the acceptance and processing of such late submitted Proofs of Claim.

**7.9**  Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be

27

permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Parties with respect to the Released Claims in the event that the Effective Date occurs with respect to the Settlement.

       **7.10** Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other of the Released Parties, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any claim for payment by a Settlement Class Member.

       **7.11** For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

       **(a)** Each Settlement Class Member shall be required to submit to the Claims Administrator a Claim Form, substantially in the form attached hereto as Exhibit A-2, which is signed under penalty of perjury, and is supported by such documents as are designated therein and as are reasonably available to the Authorized Claimant;

       **(b)** All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Parties with

respect to any Released Claims.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)  Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)  Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)  If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation.  If a dispute concerning a claim cannot be otherwise resolved, the Claimant may thereafter present a request for review to the Court.

**7.12** Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms, and Defendants shall have no obligation to provide discovery.

**7.13** Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution and any Taxes or Tax Expenses owed, if Lead Counsel after consulting with the Claims Administrator, determines such redistribution to be an equitable and an efficient use of the funds, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such redistribution.  If any funds shall remain in the Net Settlement Fund six (6) months after such redistribution or if a redistribution does not occur, then such balance shall be contributed to one or more appropriate non-profit 501(c)(3) organization(s) designated by Lead Counsel that have no affiliation or financial relationship with Plaintiffs'

Counsel, Lead Plaintiff, Defendants, the Related Parties, or Defendants' Counsel.

**7.14** All Settlement Class Members whose claims are not approved for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all the Released Parties with respect to any and all of the Released Claims.

**7.15** All proceedings with respect to the administration, processing and determination of claims on the Net Settlement Fund and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  Lead Plaintiff and Defendants each expressly waive, and all Settlement Class Members will be deemed to have waived trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

8.    **Plaintiffs' Counsel's Attorneys' Fees and Expenses**

**8.1** Plaintiffs' Counsel may submit Fee and Expense Applications for distributions from the Settlement Fund to Plaintiffs' Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) payment of reasonable costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) an Award to Plaintiff.  Defendants shall take no position with respect to the Fee and Expense Application(s).

**8.2** Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Lead Counsel from the Settlement Fund immediately after

the date the Court enters the Judgment, and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Judgment or collateral attack on the Settlement or any part thereof.  Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  In the event that the Effective Date does not occur, or the Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Plaintiffs' Counsel shall refund to the Escrow Account, within twenty (20) Business Days from receiving notice from any of Defendants' Counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses plus accrued interest, or an amount consistent with any modification of the Judgment with respect to the Fee and Expense Application(s).  Each Plaintiffs' Counsel receiving any payment of attorneys' fees or expenses, as a condition of receiving such fees and expenses, shall agree that they accept payment subject to the several obligation of each of Plaintiffs' Counsel's (including their respective partners, shareholders, and/or firms) obligation to make repayment to the Settlement Fund of the entire amount paid to them within twenty (20) Business Days from receiving the notice referenced in this paragraph.  Plaintiffs' Counsel shall agree that the law firms and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and shall be severally liable for repayment of all attorneys' fees and expenses awarded by the Court.  Any Award to Plaintiff shall not be paid from the Settlement Fund until after the Effective Date.

8.3 The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application(s) are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness,

reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceeding relating to the Fee and Expense Application(s), or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment or the Releases contained therein or any other orders entered pursuant to this Stipulation.

8.4 Any award of attorneys' fees and interest and/or expenses to Plaintiffs' Counsel or an Award to Plaintiff shall be paid solely from the Settlement Fund.  No Defendant shall have any responsibility for payment of Plaintiffs' Counsel's attorneys' fees and interest, expenses, or Award to Plaintiff beyond the obligation of Jianpu to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, Lead Plaintiff, the Settlement Class, and/or any other Person who receives payment from the Settlement Fund or Net Settlement Fund except for Defendants' obligation to pay the Settlement Amount as set forth herein.

9.    **Class Certification**

9.1 In and pursuant to the Judgment, the Settlement Class shall be certified only for purposes of this Settlement, but in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, then this Action shall revert to its procedural status immediately prior to August 13, 2021, in accordance with ¶ 10.7 herein, in which case all Settling Parties reserve all their rights on all issues, including class certification, and any and all arguments that may be advanced by Plaintiffs and Defendants either for or against class certification shall be preserved in full, and this Stipulation shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in the Action or that any plaintiff has standing.  For purposes of this Settlement only, in connection with the

33

Judgment, Defendants shall consent to (i) the appointment of Lead Plaintiff as the class representative, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

### 10. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

10.1 Lead Plaintiff, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of its or their election to do so ("Termination Notice") to all other Settling Parties within thirty (30) Business Days of:

(a) entry of a non-appealable Court order declining to enter the Preliminary Approval Order in any material respect;

(b) entry of a final, non-appealable Court order refusing to approve this Stipulation in any material respect;

(c) entry of a final, non-appealable Court order declining to enter the Judgment in any material respect;

(d) entry of a final, non-appealable Court order refusing to dismiss the Action with prejudice;

(e) entry of a final, non-appealable order by which the Judgment is modified or reversed in any material respect by any appeal or review; or

(f) failure on the part of any Settling Party to abide, in material respect, with the terms of this Stipulation.  In the absence of any of the events enumerated in the preceding sentence, as well as those enumerated in ¶ 10.2, ¶ 10.5, or ¶ 10.6, no Settling Party shall have the right to terminate the Stipulation for any reason.

10.2 If the Settlement Amount is not paid into the Escrow Account in accordance

with ¶ 2.1 of this Stipulation, then Lead Plaintiff, on behalf of the Settlement Class, shall have the right, in its sole discretion, to terminate the Settlement or apply to the Court to enforce the terms of the Stipulation if and only if: (a) Plaintiffs' Counsel have notified Defendants' Counsel in writing of Plaintiffs' Counsel's intention to terminate the Settlement or seek judicial intervention, and (b) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Plaintiffs' Counsel have provided such written notice.

**10.3** The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)**   The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)**   The Settlement Amount has been paid into the Escrow Account, as set forth in ¶ 2;

**(c)**   the Company has not exercised its option to terminate the Settlement pursuant to ¶ 10.5;

**(d)**   The Court has approved the Settlement, following notice to Potential Settlement Class Members and the Settlement Hearing, and has entered the Judgment;

**(e)**   The Judgment has become Final as defined in ¶ 1.14; and

**(f)**   The Action has been dismissed with prejudice.

**10.4** Upon the occurrence of the Effective Date, any and all interest or right of Defendants or the Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.5** If prior to issuance of the Judgment, Opt-Outs in the aggregate purchased

35

ADSs in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties (the "Supplemental Agreement"), then Defendants shall have the option in their sole discretion to terminate this Stipulation and Settlement in accordance with the requirements and procedures set forth in the Supplemental Agreement.  The Settling Parties shall undertake to keep the Supplemental Agreement confidential, and the Supplemental Agreement shall not be filed with or submitted to the Court unless and until a dispute among the Settling Parties arises concerning its interpretation or application, and then it shall be submitted to the Court in camera or filed under seal if permitted by the Court, unless otherwise required or ordered by the Court.

**10.6** None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.  If any Settling Party engages in a material breach of the terms hereof, any other Settling Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Settling Parties.

**10.7** In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to August 13, 2021, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

**10.8** In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no

further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation, including, for the avoidance of doubt, any order or judgment certifying the Settlement Class as described in ¶ 9.1, shall be treated as vacated, *nunc pro tunc*.

**10.9**  In the event the Stipulation shall be terminated or canceled, or shall not become effective for any reason, within twenty (20) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less Taxes already paid, owed, or incurred and any Administrative Costs, including Tax Expenses, which have either been disbursed, incurred, or are determined to be chargeable) shall be refunded by the Escrow Agent to Jianpu and/or the Insurers that paid the Settlement Amount, in proportion to their contribution to the Settlement Fund, plus net interest earned on the Settlement Amount, by check or wire transfer pursuant to written instructions from Jianpu and/or the Insurers, as applicable.  Additionally, if the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, neither the Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed to the Settlement Class as provided in this Stipulation.  In the event that the funds received by Lead Counsel consistent with ¶ 8.2 above have not been refunded to the Settlement Fund within twenty (20) Business Days as specified in this paragraph, those funds shall be refunded by the Escrow Agent to Jianpu and/or any entity that paid any portion of the Settlement Amount (or such other Persons or entities as Jianpu may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 8.2 above.  At the request of Defendants or the Insurers, under the circumstances described in this paragraph, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement

Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants or the Insurers pursuant to written direction from Defendants or the Insurers, as applicable.

10.10 No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application(s) shall constitute grounds for cancellation or termination of the Stipulation.

11. **No Admission of Liability or Wrongdoing**

11.1 The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption, or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any liability, fault, violation of law, or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any of the Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise

constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any Released Party, or of any infirmity or merit of any claim or defense, or of any damages to any Settling Party, including the Lead Plaintiff, or any other Settlement Class Member, or the amount thereof, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, violation of law, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation or the Supplemental Agreement (subject to the provisions of ¶ 10.5) or the Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to, if applicable, enforce the Settlement or Supplemental Agreement or Judgment, including to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, injunction, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as otherwise required by law.

## 12. Miscellaneous Provisions

**12.1** Except in the event of the filing of a Termination Notice pursuant to ¶ 10 of this Stipulation or a termination notice in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall cooperate reasonably with one another to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to effectuate and implement all terms and conditions

of the Stipulation and to obtain final approval by the Court of the Settlement.

**12.2** Each of the attorneys executing this Stipulation, any of its exhibits, or any related Settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

**12.3** Lead Plaintiff and Plaintiffs' Counsel represent and warrant that the Lead Plaintiff is a Settlement Class Member and none of Lead Plaintiff's claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, have been assigned, encumbered, or in any manner transferred in whole or in part.

**12.4** This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements.  No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties, and covenants expressly set forth herein and in the Supplemental Agreement.  Lead Plaintiff, on behalf of itself and the Settlement Class, as well as all other Settling Parties, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation.  In entering this Stipulation, the Settling Parties relied solely upon their own knowledge and investigation.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

**12.5** This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their

respective successors in interest.

**12.6** This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**12.7** The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**12.8** The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.9** This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document.  Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.10** This Stipulation, the Settlement, the Supplemental Agreement, and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort, or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles, except to the extent that federal law requires that federal law governs, and in which case, in accordance with the laws of the United States.

**12.11** The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application(s), the Plan of Allocation (or such other plan of allocation as may be approved by the Court), and enforcing the terms of this Stipulation, including exclusive jurisdiction to enforce the injunctions set forth herein.

**12.12** This Stipulation shall not constitute a consent to service or to the jurisdiction

of the Court or any other court for any purpose, including any other matter concerning the Released Claims, and shall not be construed as such, other than for the sole and limited purpose of the Settlement and the enforcement of its terms.

**12.13** The Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.14** All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**12.15** The Settling Parties and their counsel agree not to assert or pursue any action, claim, or rights that any Settling Party or other person violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or any other applicable law, rule, statute, or regulation in connection with this Action, the Settlement, the Stipulation or the Supplemental Agreement.  The Settling Parties and their counsel agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Act, Rule 11 of the Federal Rules of Civil Procedure, and/or the PSLRA, including through a mediation process supervised and conducted by Greg Lindstrom, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were

fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.  In all events, Lead Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any of the Settling Parties concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The proposed Judgment will contain a statement reflecting that the Settling Parties complied with Rule 11 of the Federal Rules of Civil Procedure and all other applicable laws, rules, statutes, or regulations, and that the Action was filed in good faith in accordance with the PSLRA.

12.16 Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

12.17 The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party's obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

12.18 If any Settling Party is required to give notice to another Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Such notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:    Abraham, Fruchter & Twersky, LLP
Attn:  Jack Fruchter
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: (212) 279-5050
Facsimile: (212) 279-3655
Email: jfruchter@aftlaw.com

and

Robbins Geller Rudman & Dowd, LLP
Attn:  Samuel Rudman
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
Email: srudman@rgrdlaw.com

If to Defendants:    Skadden, Arps, Slate, Meagher & Flom, LLP
Attn:  Scott D. Musoff
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: scott.musoff@skadden.com

and

Ropes & Gray LLP
Attn:  David B. Hennes
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: david.hennes@ropesgray.com

**12.19** The Settling Parties reserve the right to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**12.20** Pending the Court's approval of this Stipulation, all proceedings in the Action shall be stayed and all Settlement Class Members shall be barred and enjoined from

prosecuting any of the Released Claims against any of the Released Parties.

      12.21 Nothing in this Stipulation, or the negotiations related thereto, is intended to be, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint-defense privilege, or the work-product privilege.

      **IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

DATED:  November 15, 2021

ABRAHAM FRUCHTER
& TWERSKY, LLP

Jack G. Fruchter
Todd Kammerman
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: 212/279-5050
Fax: 212/279-3655
jfruchter@aftlaw.com
tkammerman@aftlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP

Samuel H. Rudman
Erin W. Boardman
Magdalene Economou
58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
Fax: 631/367-1173
srudman@rgrdlaw.com
eboardman@rgrdlaw.com
meconomou@rgrdlaw.com

*Lead Counsel for Lead Plaintiff and the Class*

Dated: November 15, 2021

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

Scott D. Musoff
Robert A. Fumerton
Vincent M. Chiappini
One Manhattan West
New York, NY  10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Email: scott.musoff@skadden.com
Email: robert.fumerton@skadden.com
Email: vinnie.chiappini@skadden.com

*Attorneys for Defendants
Jianpu Technology Inc., Rong360 Inc.,
Law Debenture Corporate Services Inc., and
Giselle Manon*


ROPES & GRAY LLP

David B. Hennes
Martin J. Crisp
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-5000
Fax: (212) 596-9090
Email: david.hennes@ropesgray.com
Email: martin.crisp@ropesgray.com

*Attorneys for Defendants China Renaissance
Securities (Hong Kong) Limited, China
Renaissance Securities (US) Inc., Goldman Sachs
(Asia) L.L.C., Goldman Sachs & Co. LLC, J.P.
Morgan Securities LLC, and Morgan Stanley & Co.
International plc.*

Dated: November 15, 2021

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

Scott D. Musoff
Robert A. Fumerton
Vincent M. Chiappini
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Email: scott.musoff@skadden.com
Email: robert.fumerton@skadden.com
Email: vinnie.chiappini@skadden.com

*Attorneys for Defendants*
*Jianpu Technology Inc., Rong360 Inc.,*
*Law Debenture Corporate Services Inc., and*
*Giselle Manon*

ROPES & GRAY LLP

David B. Hennes
Martin J. Crisp
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-5000
Fax: (212) 596-9090
Email: david.hennes@ropesgray.com
Email: martin.crisp@ropesgray.com

*Attorneys for Defendants China Renaissance*
*Securities (Hong Kong) Limited, China*
*Renaissance Securities (US) Inc., Goldman Sachs*
*(Asia) L.L.C., Goldman Sachs & Co. LLC, J.P.*
*Morgan Securities LLC, and Morgan Stanley & Co.*
*International plc.*