EXHIBIT A

**COURTESY COPY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————— x

PANTHER PARTNERS INC., Individually : Civil Action No. 1:18-cv-09848 (PGG)
and on Behalf of All Others Similarly Situated, :
: Hon. Paul G. Gardephe
Plaintiff, :
:
vs. :
:
JIANPU TECHNOLOGY INC., DAQING :
(DAVID) YE, YILU (OSCAR) CHEN, :
JIAYAN LU, CAOFENG LIU, CHENCHAO :
ZHUANG, JAMES QUN MI, KUI ZHOU, :
YUANYUAN FAN, DENNY LEE, RONG360 :
INC., GOLDMAN SACHS (ASIA) L.L.C., :
GOLDMAN SACHS & CO. LLC, MORGAN :
STANLEY & CO. INTERNATIONAL PLC, :
J.P. MORGAN SECURITIES LLC, CHINA :
RENAISSANCE SECURITIES (HONG :
KONG) LIMITED, CHINA RENAISSANCE :
SECURITIES (US) INC., LAW DEBENTURE :
CORPORATE SERVICES INC., and :
GISELLE MANON inclusive, :
:
Defendants. :
————————————————— x

[PROPOSED] **ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, a putative class action is pending in this Court entitled *Panther Partners Inc. v. Jianpu Technology Inc., et al.*, Case No. 1:18-cv-09848 (PGG) (S.D.N.Y.) (the "Action");

WHEREAS, (i) Lead Plaintiff Panther Partners Inc. ("Panther" or "Lead Plaintiff"), on behalf of itself and on behalf of the Settlement Class (as defined herein) (collectively, "the Plaintiffs"); and (ii) Defendants Jianpu Technology Inc. ("Jianpu" or the "Company"), Rong360 Inc., Law Debenture Corporate Services Inc., Giselle Manon (the "Jianpu Defendants"), China Renaissance Securities (Hong Kong) Limited, China Renaissance Securities (US) Inc., Goldman Sachs (Asia) L.L.C., Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, and Morgan Stanley & Co. International plc (the "Underwriter Defendants") (collectively, "Defendants") have entered into the Stipulation of Settlement, dated November 15, 2021 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and complete dismissal with prejudice of the Action;

WHEREAS, the Court preliminarily finds that:

(a) the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator, Gregory Lindstrom, Esq. of Phillips ADR;

(b) the proposed settlement eliminates risks to the Settling Parties of continued litigation;

(c) the Settlement does not provide undue preferential treatment to Lead Plaintiff or to segments of the Settlement Class;

(d) the Settlement does not provide excessive compensation to counsel for Lead Plaintiff; and

(e) the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class;

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 30th day of December, 2021, that:

1. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, and preliminarily, for purposes of this Order, the Action shall proceed as a class action on behalf of all Persons who purchased or otherwise acquired Jianpu ADSs pursuant or traceable to the Company's Registration Statement issued in connection with the Company's November 16, 2017 IPO. Excluded from the Settlement Class are: (i) Defendants, their Related Parties, and their respective successors and assigns; (ii) past and current officers and directors of Jianpu; (iii) Immediate Family Members of any Defendant; (iv) the legal representatives, heirs, successors or assigns of the Defendants; (v) any entity in which any of the above excluded Persons have or have had a majority or controlling ownership interest, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class; and (vi) Opt-Outs. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class

2

Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Plaintiffs' Lead Counsel, previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

3. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _May 12_, 2022 at _11:00_ a.m. for the following purposes:

(a) to determine finally whether to grant certification of a Settlement Class for purposes of the Settlement;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether the Judgment as provided under the Stipulation should be entered;

    (d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    (e) to consider the application of Class Counsel for an award of attorneys' fees and expenses with interest and an Award to Plaintiff;

    (f) to consider, if not previously ruled on, any objections; and

    (g) to rule upon such other matters as the Court may deem appropriate.

  4. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind.[1]  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Action regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or the Award to Plaintiff.

  5. The Court approves the form, substance, and requirements of (a) Notice of Pendency and Proposed Class Action Settlement (the "Notice"), (b) the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and (c) the Proof of Claim and Release Form ("Proof of Claim"), all of which are exhibits to the Stipulation.

  6. Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to

---

[1] In light of the outbreak of Coronavirus (COVID-19), the Court may decide to conduct the Settlement Hearing by video or telephone conference, or otherwise allow the Settlement Class Members to appear at the hearing by telephone without further notice to the Settlement Class. No further notice of such decision will be provided to the Settlement Class.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Settlement website, www. _____ .com, before making any plans to attend the Settlement Hearing. Any updates will be posted to the Settlement website.

all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

7.  For settlement purposes only, Gilardi & Co., LLC is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

8.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation, to be mailed, by first class mail, postage prepaid, within thirty (30) calendar days of the entry of this Order, to all Potential Settlement Class Members who can be identified with reasonable effort.

9.  No later than ten (10) Business Days after the date of this Order, the Company, at its expense, shall provide, or cause to be provided, to the Claims Administrator reasonably available record shareholder lists as appropriate for providing notice to the Settlement Class Members. This information shall be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order and shall not be filed publicly without prior permission from the Court. Furthermore, such information shall not be given, shown, summarized, revealed, disclosed or made available in any form to any other Person, unless and until the recipient (i) agrees to be bound by these restrictions and (ii) consents to the jurisdiction of the Court for any disputes relating thereto. Notwithstanding the above, Plaintiffs' Counsel and/or the Claims Administrator can summarize the Class Information as part of a Court filing and can use the Class Information to determine the validity of any Proof of Claim, and Plaintiffs' Counsel, Defendants' Counsel and/or the Claims Administrator shall have the right to use the Class Information to investigate any Request for Exclusion or objection to any aspect of the Settlement.

10. The Claims Administrator shall make all reasonable efforts to give notice to nominees or custodians, such as brokerage firms or other Persons, who purchased or otherwise acquired Jianpu ADSs pursuant or traceable to the Registration Statement issued in connection with the Company's IPO as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim, either (i) request additional copies of the Notice and Proof of Claim sufficient to send the Notice and Proof of Claim to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send a copy of each to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to $0.75 per mailing if the Notice and Proof of Claim is mailed or $0.10 per name and address provided to the Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

11. Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on a website

developed by the Claims Administrator for this Settlement within thirty (30) calendar days after entry of this Order.

12. Class Counsel, through the Claims Administrator, shall cause the Summary Notice, substantially in the form annexed to the Stipulation as Exhibit A-3, to be published electronically once on *PR Newswire* or *GlobeNewswire* and in print once in the *Investor's Business Daily* within ten (10) calendar days after the mailing of the Notice.

13. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of the mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice as required by this Order.

14. The forms and methods set forth herein of notifying the Potential Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable laws and rules; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the Releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

15. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) Within ninety (90) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice and Proof of Claim to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in a form contained in Exhibit A-2 attached to the Stipulation and as approved by the Court, signed under penalty of perjury, and supported by such documents as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.

(b) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation. If an issue concerning a claim cannot be otherwise resolved, the Claimant may thereafter present the request for review to the Court.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all Released Claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of any Proof of Claim.

(d) All Settlement Class Members who do not submit a valid and timely Proof of Claim within the period specified above, or such other period as may be ordered by the Court, will be forever barred from receiving any payments pursuant to the Stipulation and Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Judgment. Notwithstanding the foregoing, Class Counsel, in consultation with the Claims Administrator, shall have the discretion to accept late-submitted Proof of Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. No Defendant, or any of their Related Parties, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Proof of Claim for payment by a Settlement Class Member.

16. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail a Request for Exclusion in written form, by first class mail, postage prepaid, or otherwise deliver it, to the addresses listed in the Notice, to be received no later than sixty (60) calendar days after the date set for the initial mailing of the Notice to Settlement Class Members. In order to be valid, such Request for Exclusion (a) must clearly indicate the name, address, phone number, and e-mail contact information of the Person seeking exclusion, and if an entity, a contact person's name, address, phone number, and e-mail address; and (b) state that the sender specifically "requests to be excluded from the Settlement Class in *Panther Partners Inc. v. Jianpu Technology Inc., et al.*, Case No. 1:18-cv-09848 (PGG) (S.D.N.Y.)"; (c) state the date, number of ADSs, and dollar amount of each Jianpu ADS

purchase, acquisition, or sale transactions; and (d) state the number of Jianpu ADSs held by the Person as of the date of the submission of the exclusion request. In order to be valid, such Request for Exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Jianpu ADS, and (ii) demonstrating the Person's status as a beneficial owner of the Jianpu ADS. Any such Request for Exclusion must be signed and submitted by the beneficial owner. The Request for Exclusion shall not be effective unless it provides the required information and documentation, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. The supporting documentation shall be in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel. Class Counsel may contact any Person filing a Request for Exclusion, or their attorney if one is designated, to discuss the exclusion.

17. Any Person that submits a Request for Exclusion may thereafter submit to the Claims Administrator a written revocation of that Request for Exclusion, provided that it is received no later than five (5) calendar days before the Settlement Hearing, in which event that Person will be included in the Settlement Class and which cannot be further revoked once submitted to the Claims Administrator, unless otherwise ordered by the Court.

18. All Persons who submit a valid, timely, and unrevoked Request for Exclusion will be forever barred from receiving any payments from the Net Settlement Fund and shall have no rights under the Stipulation. Any Settlement Class Member may enter an appearance in the Action at his, her or its own expense, individually or through counsel of their own choice. Any

Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

19. The Court will consider objections to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application from Settlement Class Members (and therefore not including those Persons who timely and validly submit a Request for Exclusion from the Settlement Class), provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, including the Plan of Allocation and/or the Fee and Expense Application, unless that Person has filed such objection, as well as any supporting papers and briefs, accompanied by proof they are a Settlement Class Member, with the Court, the address of which is Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, and served copies of any objections, papers and briefs on each of the following counsel, no later than March 4, 2022, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class:

CLASS COUNSEL:

Jack G. Fruchter
ABRAHAM, FRUCHTER & TWERSKY, LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123

and

Samuel H. Rudman
ROBBINS GELLER RUDMAN & DOWD, LLP
58 South Service Road, Suite 200
Melville, NY 11747

COUNSEL FOR DEFENDANTS:

11

Scott D. Musoff
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Manhattan West
New York, NY 10001

and

David B. Hennes
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

To be valid, any such objection must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) documents sufficient to prove membership in the Settlement Class, including a list of all purchases and sales of Jianpu ADSs; (3) all grounds for the objection, including any legal and evidentiary support known to the Settlement Class Member and/or his, her, or its counsel, and identifying whether the objection applies to the objector, a specific subset of the Settlement Class, or the entire Settlement Class; (4) the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but objectors wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class

Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20. Any Settlement Class Member who does not object in the manner prescribed above shall: (i) be deemed to have waived all such objections; (ii) forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, as well as the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; (iii) be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and (iv) be foreclosed from appealing from any judgment or order entered in this Action.

21. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than fourteen (14) calendar days prior to the deadline in ¶ 19 for objections to be filed.

22. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application(s) shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

23. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

24. The Claims Administrator, Defendants' Counsel, and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

25. Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the

Stipulation with the Court. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

26. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not assert, institute, commence, assist, maintain, prosecute, or in any way participate in, and are hereby barred and enjoined from asserting, instituting, continuing, commencing, assisting, maintaining, prosecuting, or in any way participating in any action in any court or tribunal that asserts Released Claims against any of the Released Parties. Unless and until the Stipulation is cancelled and terminated pursuant to its terms, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

27. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any Fee and Expense Application(s) shall be approved.

28. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of Plaintiffs' Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund. Class Counsel or their representatives are authorized and directed to prepare any Tax Returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund and

to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

29. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendants or other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, violation of law, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Class Representative or any Settlement Class Member have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Plaintiffs of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action or that damages recoverable would not have exceeded the Settlement Amount.

30. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs or Defendants elect to terminate the Settlement, then, in any such event, the Stipulation, including any amendment(s) thereof, shall be null and void and of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person for any purpose against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed immediately prior to August 13, 2021.

31. The Court may adjourn or continue the Settlement Hearing without further written notice.

32. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

Dated: December 30, 2021

_____
HON. PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE