UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PANTHER PARTNERS INC., Individually : Civil Action No. 1:18-cv-09848 (PGG)
and on Behalf of All Others Similarly Situated, :
: Hon. Paul G. Gardephe
:
Plaintiff, :
:
:
vs. :
:
JIANPU TECHNOLOGY INC., DAQING :
(DAVID) YE, YILU (OSCAR) CHEN, :
JIAYAN LU, CAOFENG LIU, CHENCHAO :
ZHUANG, JAMES QUN MI, KUI ZHOU, :
YUANYUAN FAN, DENNY LEE, RONG360 :
INC., GOLDMAN SACHS (ASIA) L.L.C., :
GOLDMAN SACHS & CO. LLC, MORGAN :
STANLEY & CO. INTERNATIONAL PLC, :
J.P. MORGAN SECURITIES LLC, CHINA :
RENAISSANCE SECURITIES (HONG :
KONG) LIMITED, CHINA RENAISSANCE :
SECURITIES (US) INC., LAW DEBENTURE :
CORPORATE SERVICES INC., and :
GISELLE MANON inclusive, :
:
Defendants. :
:
---------------------------------------------------------------x

**[PROPOSED] RULE 54(B) JUDGMENT**

WHEREAS, the Court is advised that the Settling Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle this Action upon the terms and conditions set forth in the Stipulation of Settlement, dated November 15, 2021 (the "Stipulation"); and

WHEREAS, on December 30, 2021, the Court entered its Order Granting Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which preliminarily approved the Settlement, and approved the form and manner of notice to the Settlement Class, and said notice has been made, and the fairness hearing having been held; and

NOW, THEREFORE, based on the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon a Settlement Hearing having been held after notice to the Settlement Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate, and whether the Judgment should be entered dismissing the Action with prejudice.

---

[1] As used herein (and as defined in the Stipulation of Settlement), Settling Parties means Lead Plaintiff (on behalf of itself and the Settlement Class) and Defendants Jianpu Technology Inc., Rong360 Inc., Law Debenture Corporate Services Inc., Giselle Manon, China Renaissance Securities (Hong Kong) Limited, China Renaissance Securities (US) Inc., Goldman Sachs (Asia) L.L.C., Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, and Morgan Stanley & Co. International plc.  Although not served and not parties to the Stipulation, defendants Daqing (David) Ye, Jiayan Lu, Caofeng Liu, Chenchao Zhuang, James Qun Mi, Kui Zhou, Yuanyuan Fan, Yilu (Oscar) Chen, and Denny Lee, for the avoidance of doubt, are included within the definition of Released Parties used herein (and as defined in the Stipulation of Settlement).

THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.   The Court has jurisdiction over the subject matter of this Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

B.   This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on November 15, 2021, and all capitalized terms used herein shall have the same meanings as set forth therein.

C.   The Court finds, for settlement purposes only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, as follows:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent;

(d) Lead Plaintiff and Plaintiffs' Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i. the interests of the Settlement Class Members in individually controlling the prosecution of separate actions;

ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

iii. the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

iv. the difficulties likely to be encountered in the management of the class action. The Settlement Class is certified for settlement purposes only.

D. The Court hereby finally certifies, for purposes of the Settlement only, this Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased or otherwise acquired Jianpu ADSs pursuant and/or traceable to the Company's Registration Statement issued in connection with the Company's November 16, 2017 IPO. Excluded from the Settlement Class are: (i) Defendants, their Related Parties, and their respective successors and assigns; (ii) past and current officers and directors of Jianpu; (iii) Immediate Family Members of any Defendant; (iv) the legal representatives, heirs, successors, or assigns of the Defendants; (v) any entity in which any of the above excluded Persons have or have had a majority ownership interest, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class; and (vi) Opt-Outs, who requested exclusion from the Settlement Class in accordance with the procedures set forth in the Preliminary Approval Order, Stipulation, and Notice, of which there are none.

E. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Counsel previously selected by Lead Plaintiff and appointed by the Court are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

F. The Court hereby finds that the form, content, and method of dissemination of notice given to the Settlement Class met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled to such notice.  No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the Releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice of Pendency and Proposed Settlement of Class Action are deemed to have waived any objections by appeal, collateral attack, or otherwise.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.  No requests for exclusion from the Settlement Class were received.

G. The Settlement, as set forth in the Stipulation, is fully and finally approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class.

(a) This Court finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representative, Settlement Class Members and Defendants.  The case settled only after, among other things, extensive investigation and prosecution of this Action by Lead Plaintiff and

Plaintiffs' Counsel; a mediation conducted by an experienced mediator familiar with this Action; the exchange of detailed mediation statements before the mediation by the Settling Parties which highlighted the factual and legal issues in dispute; the drafting and submission of detailed complaints; and motion practice directed to the Complaint. Accordingly, both Lead Plaintiff and Defendants were well-positioned to evaluate the settlement value of this Action. The Stipulation has been entered into in good faith and is not collusive.

(b) If the Settlement had not been achieved, both Plaintiffs and Defendants would have faced the costs, risks, and uncertainty of extended litigation. The Court takes no position on the merits of Lead Plaintiff's or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

H.   Plaintiffs, all Settlement Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT**:

1.   The Settlement on the terms set forth in the Stipulation is fully and finally approved as fair, reasonable and adequate. The Court authorizes and directs the implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

2.   Upon the Effective Date, Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, including Unknown Claims, against all Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

3.      Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Lead Plaintiff, Plaintiffs' Counsel and each and all of the Settlement Class Members from all Released Defendants' Claims.

4.      Lead Plaintiff and the Settlement Class Members are hereby barred and enjoined from asserting, commencing, instituting, assisting, prosecuting, or continuing to prosecute, or in any way participating in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against any of the Released Parties, and the Action is dismissed with prejudice in its entirety.

5.      All Settlement Class Members are bound by the terms and conditions of the Stipulation and this Judgment.

6.      The Court finds that the Settling Parties and their counsel have at all times complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and all other similar statutes, in connection with the institution, prosecution, defense and settlement of the Action and as to all related proceedings herein.

7.      Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them:

(a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Class Representative, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence, violation of law, or fault of Defendants, the Released Parties, or each or any of them;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c) is or may be deemed to be or shall be used, offered, or received against the Settling Parties, Defendants, or the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of Class Representative's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial; and

(e) notwithstanding the foregoing, Defendants, Lead Plaintiff, Settlement Class Members and/or the Released Parties may file or otherwise rely on the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.  The Settling Parties may file or otherwise rely on

the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

8. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

9. The Court finds that Defendants have satisfied their financial obligation under the Stipulation by paying $7,500,000 (Seven Million Five Hundred Thousand U.S. Dollars) in cash to the Settlement Fund.

10. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

11. All Administrative Costs as defined in the Stipulation shall be paid from the Settlement Fund as set forth in the Stipulation. In the event the Settlement is not consummated, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

12. Nothing contained herein shall bar the Settling Parties from bringing any claim to enforce the terms of the Stipulation or this Order and Final Judgment.

13. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties, the Settlement Class Members, and other Persons for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

14. Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt in writing such amendments, modifications and expansions of the Stipulation and reasonable extensions of time to effectuate the Settlement, provided that such amendments, modifications, expansions, and extensions do not materially alter the rights of Settlement Class Members or Released Parties under the Stipulation.

15. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsels' Fee and Expense Application, including any Award to Plaintiff.

16. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed immediately prior to August 13, 2021, pursuant to the terms of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: _____, 2022         SO ORDERED:

                                                        _____
                                                        HON. PAUL G. GARDEPHE
                                                        UNITED STATES DISTRICT JUDGE